**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-MC-00167

**GREEN SOLUTION, LLC, a Colorado Limited Liability Company;**

**GREEN EARTH WELLNESS, INC., a dissolved Colorado Corporation;**

**TGS Management, LLC, a Colorado Limited Liability Company**

**S-Type Armored, LLC, a Colorado Limited Liability Company;**

**IVXX Infuzionz, LLC, a Colorado Limited Liability Company**

Plaintiffs,

v.

**UNITED STATES OF AMERICA, through its agency the INTERNAL REVENUE SERVICE**

Defendants.

---

**PETITION TO QUASH SUMMONSES**

---

THE PETITIONERS, Green Solution, LLC, IVXX Infuzionz, LLC, TGS Management, LLC, S-Type Armored, LLC, and Green Earth Wellness, Inc. (hereinafter "The Green Solution") by and through their undersigned counsel, submit the following Petition to Quash Summonses:

## NATURE OF THE ACTION

1. CERTIFICATION: The Petitioners do not believe that D.C.COLO.LCivR 7.1 applies to this petition. However, to the extent this rule is applicable to this proceeding, the undersigned states that he contact the United States Attorney's office in Denver, Colorado. He spoke to Annette Dolce, staff attorney. She was surprised that Rule 7.1 would be applicable. A copy of the draft of the Petition was emailed to her and she was going to review it with the IRS. She did not believe that her office could provide a response by the deadline for filing this Petition.

2. This is a related proceeding to The *Green Solution, et al. v. United States,* 1:16-mc-00137-PAB. The IRS has issued a series of summonses to the Petitioners. The first set of summonses are directed in the foregoing case. A second set of summonses were directed at the Petitioners' banks. The Petitioners are not seeking to quash thoses summonses in this proceeding. The Petitioners will seek to consolidate these actions.

3. This is not a matter of a tax protestor seeking the aid of the Court. Rather this is a situation where the Internal Revenue Service ("IRS") is abusing its authority under its civil audit power to conduct essentially a criminal investigation of purported of the Controlled Substances Act, 21 U.S.C. 801, *et seq.* ("CSA"). The CSA is outside the Tax Code. What the IRS seeks to do is outside of its civil and even criminal enforcement authority.

## PARTIES

4. Petitioner, Green Solution, LLC, is a Colorado Limited Liability Company in good standing.

5. Petitioner, IVXX Infuzionz, LLC, is a Colorado Limited Liability Company in good standing.

6. Petitioner, Green Earth Wellness, Inc. is a dissolved Colorado Corporation acting under authority of Colorado law.

7. Petitioner, TGS Management, LLC, is a Colorado Limited Liability Company in good standing.

8. Petitioner, S-Type Armored, LLC, is a Colorado Limited Liability Company

9. Defendant United States of America ("Government") is the proper defendant in an action regarding summonses by the IRS. The IRS is an agency of the United States government and, for the purpose of this Petition, is subject to the law applicable to federal law enforcement agencies concerning the issuance and enforcement of a summon for documents.

10. Wells Fargo Bank NA ("Wells Fargo") is a South Dakota Corporation doing business in Colorado with an address of 1560 Broadway, Suite 2090, Denver, CO 80202. Wells Fargo Bank National Association may be found in the District of Colorado. Wells Fargo Bank is the entity for which several of the IRS summonses are directed. These summonses are attached hereto as Exhibit 1.

11. Verus Bank of Commerce ("Verus Bank") is a Colorado Corporation, with an address of 3700 S. College Ave, Unit 102, Fort Collins, CO 80525. Verus Bank may be found in the District of Colorado. Verus Bank is the entity for which several of the IRS summonses are directed. These summonses are attached hereto as Exhibit 2.

12. Partner Colorado Credit Union ("Partner Colorado") is a Colorado Corporation with an address of 6221 Sheridan Blvd, Arvada, CO 80003. Partner Colorado may be found in the District of Colorado. Partner Colorado is the entity for which an IRS summons is directed. This summons is attached hereto as Exhibit 3.

## JURISDICTION

13. This Court has jurisdiction over the claims outlined herein under 28 U.S.C. § 1331, based on the existence of a federal question, and 26 U.S.C. § 7609(h), providing jurisdiction over a petition to quash a summons issued by the IRS.

## THE SUMMONSES

14. The Exhibit 1 Summonses, in the matter of The Green Solution, seek for the years of either 2013 through 2015 or 2014 through 2015:

All bank records including but not limited to: Account signature cards, account applications, bank statements, cancelled checks, credit and debit memos and advices, wire transfer authorizations, deposit slips and deposited items, cashiers checks, money orders, safe deposit box rental agreements, safe deposit box entry cards and visitation ledgers, and all correspondence.

15. The Exhibit 2 Summonses, in the matter of The Green Solution, seek for the years of either 2013 through 2015 or 2014 through 2015:

All bank records including but not limited to: Account signature cards, account applications, bank statements, cancelled checks, credit and debit memos and advices, wire transfer authorizations, deposit slips and deposited items, cashiers checks, money

orders, safe deposit box rental agreements, safe deposit box entry cards and visitation ledgers, and all correspondence.

16. The Exhibit 3 Summonses, in the matter of The Green Solution, seek for the years of either 2013 through 2015 or 2014 through 2015:

All bank records including but not limited to: Account signature cards, account applications, bank statements, cancelled checks, credit and debit memos and advices, wire transfer authorizations, deposit slips and deposited items, cashiers checks, money orders, safe deposit box rental agreements, safe deposit box entry cards and visitation ledgers, and all correspondence.

## BACKGROUND FACTS

17. The following facts are supported by the Declaration of Tim Sell, the Chief Financial Officer for the Green Solution entities.

18. On or about August 21, 2015, the IRS sent a notice of audit for The Green Solution Retail, Inc. for fiscal year ending June 30, 2014. Typically, a civil audit is for the purpose of (1) the IRS to confirm income; and (2) the taxpayer to support deductions. However, what became clear early on was that what was being conducted was not any form of recognizable civil audit.

19. The auditor, David Hewell, informed Mr. Sell and the other representatives for Green Solution, that he and his department had made the determination that The Green Solution was trafficking in a controlled substance - a violation of the Controlled Substances Act. 21 USC 801, *et seq*. Mr. Hewell further discussed that the purpose of this audit is to confirm their determination of illegal activity

and take away all of The Green Solution's otherwise lawful tax deductions. The normal concern of income and expenses was minimal or non-existent.

20. To this end, Mr. Hewell demanded that the Green Solution entities provide their bank records to Mr. Hewell. These bank records were provided. Mr. Hewell before the summons did not claim that the production of the bank records were in any way insufficient. Mr. Hewell continues to assert that the purposes of these summonses are for the purpose of determining that the Green Solution entities were trafficking in a controlled substance in violation of the Controlled Substances Act.

## ARGUMENT

### A. This Audit is Being Conducted for an Improper Purpose – Investigation of Violations of the CSA are Beyond the Authority of the IRS.

#### 1. Standard of Review of Summons Proceedings.

It is well settled that, to be enforceable, a summons issued by the IRS must satisfy the standard set forth in *United States v. Powell*, 379 U.S. 48 (1964). See, e.g., *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985). Under this mandatory standard, prior to enforcement of a summons, the Commissioner of the IRS must show that;

(1) the investigation will be conducted pursuant to a legitimate purpose;

(2) the inquiry may be relevant to the purpose;

(3) the information sought is not already within the Commissioner's possession; and

(4) the administrative steps required by the Code have been followed — in particular, that the IRS, after investigation, has determined the further

examination to be necessary and has notified the taxpayer in writing to that effect.

See *id.* (quoting *Powell*, 379 U.S. at 57-58).

Additionally, the IRS should not be allowed to use its summons power to conduct a "fishing expedition" on the records of third parties only tangentially related to the finding of taxpayer's income and expenses. *United States v. Coopers & Lybrand*, 550 F.2d 615, 619-20 (10th Cir. 1977).

**2. The IRS Investigation into whether the Taxpayer Violated Federal Drug Laws is Beyond the IRS Authority.**

As the *Powell* Court stated, the IRS summons must be for a legitimate purpose. If the summons is not for a legitimate purpose, e.g., if the subject of the investigation is beyond the agency's authority, the summons is not for a legitimate purpose and is must be quashed. *Burlington Northern Ry. Co. v. Office of Inspector General*, 983 F.2d 631, 641 (5th Cir. 1993).

**a. Political Background**

The issues raised by the Petition arise against the backdrop of an evolving legal landscape concerning the distribution and consumption of marijuana, a decision pushed to the forefront by Colorado's recent legalization of the possession and sale of medical and recreational marijuana. As the Court is well aware, Colorado has legalized marijuana sales by licensed dispensaries for medical and recreational purposes. The CSA arguably prohibits such sale and distribution. The law, however, is far from clear.

In December 2015, the Tenth Circuit observed "the mixed messages the federal government is sending these days about the distribution of marijuana." *Feinberg v. Commissioner*, 808 F.3d 813, 814 (10th Cir. 2015). The Court further noted that the Department of Justice had made a policy of non-prosecution of state-legal marijuana

sales, but that the IRS had taken a hardline approach, investigating and finding that taxpayers were violating federal drug laws by the same actions. *Id*. The Court stated that "you might be forgiven for wondering whether … any admission by the petitioners about their involvement in the marijuana trade still involves an 'authentic danger of self-incrimination.'" *Id*. at 816. The clear import of the Court's message was a doubt that the state-legal marijuana sales could now be considered illegal on the federal level.

Also, in December 2015, the Solicitor General submitted a brief to the U.S. Supreme Court in *Nebraska v. Colorado*, 577 U. S. ____ (2016) stating that in its opinion, Colorado's marijuana laws and actions may not be preempted by the CSA and are a lawful exercise of its sovereign authority. See Brief attached hereto as Exhibit 11, at 22.

In just the last few months, and in the Tenth Circuit, the inconsistencies have been noted several times:

- In an order granting dismissal in *Safe Streets Alliance v. Hickenlooper*, 1:15-cv-00349-REB-CB (Jan 19, 2016), Judge Blackburn stated: "The Department of Justice has made a conscious, reasoned decision to allow the states which have enacted laws permitting the cultivation and sale of medical and recreational marijuana to develop strong and effective regulatory and enforcement schemes." He also noted, "Allowing private litigants to interfere with that discretionary decision would create precisely the type of 'risk of inconsistent interpretations and misincentives which strongly counsel against recognizing an implicit right to a judicially created equitable remedy.'"
- In her order denying summary judgment of *Green Earth Wellness v. Attain Specialty Ins. Co.*, 13-cv-03452-MK-NYW (Feb. 17, 2016), Judge Krieger

noted that the federal government appeared to have different "*de jure* and *de facto* public policies regarding state-regulated medical marijuana." Given the unclear public policy, Judge Kreiger refused to conclude that state-regulated marijuana could be considered "contraband" under a policy of insurance.

- The intersection of the CSA and Colorado's marijuana laws were again recently addressed in *Smith v. Hickenlooper*, 15-cv-00462-WYD-NYW (Feb. 26, 2016). In this case, the Plaintiffs' claims of civil RICO violations against the State of Colorado were rejected by the court. In his order dismissing that case, Judge Daniel noted that enforcement of the CSA is "expressly delegated to the Attorney General of the United States, with criminal liability being the principal enforcement mechanism." *Smith v. Hickenlooper*, 15-cv-00462-WYD-NYW (Feb. 26, 2016). While there was no explicit ruling regarding IRS jurisdiction, the decision implies that there is no delegation of authority outside of the Attorney General. Thus, neither the CSA or the Tax Code gives the IRS authority to determine whether a taxpayer has violated federal drug laws.

The unclear, vague, and contradictory messages that the federal government is sending about enforcement of marijuana laws raises constitutional concerns. *See Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939) *quoting Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926) ("[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.").

Against this backdrop, the IRS is conducting pseudo-criminal investigations into the source of taxpayer income to, for all intents and purposes, convict taxpayers of violating federal criminal drug laws and strangle an entire industry that has recently been legalized, regulated, and taxed by the Colorado state legislature. *Feinberg*, *supra*. The IRS, however, has no authority to run criminal investigations or render criminal verdicts of illegal acts outside of the Tax Code.

**b. The IRS does not have authority to investigate or rule upon whether activity violates a criminal statute outside of the Tax Code.**

Defendant takes the position that, in disallowing Petitioners deductions, it is simply enforcing a civil provision of the Internal Revenue Code (the "Tax Code"), and not conducting a criminal investigation into Plaintiffs' business activities (a tacit acknowledgement that conducting such an investigation would exceed its authority). Despite Defendant's protestations, Section 280E requires there to be a finding of illegality under federal drug laws before it can be applied. No finding of illegal behavior by Plaintiffs has ever occurred outside of the IRS's summary determination.

Section 26 U.S.C. 280E reads as follows:

> No deduction or credit shall be allowed for any amount paid or incurred during the taxable year in carrying on any trade or business if such trade or business (or the activities which comprise such trade or business) consists of trafficking in controlled substances (within the meaning of schedule I and II of the Controlled Substances Act) **which is prohibited by Federal law or the law of any State in which such trade or business is conducted**.[1]

26 U.S.C. § 280E ("Section 280E") (emphasis added).

[1] Colorado legalized the sale and distribution of marijuana by state-licensed dispensaries. Thus the question of whether Colorado prohibits the transactions is not relevant to Section 280E inquiry as such sales are now lawful.

The plain language of Section 280E makes it clear that the "trafficking" of controlled substances must be illegal for Section 280E to apply. The 1982 Senate Report on the Tax Equity and Fiscal Responsibility Act (attached hereto as Exhibit 13), in which the reason for the enactment of Section 280E was discussed, leads to the same conclusion: "All deductions and credits for amount paid or incurred in the ***illegal*** trafficking in drugs listed in the Controlled Substances Act are disallowed." *Report of the Committee on Finance United States Senate on H.R. 4961*, p. 309 (emphasis added). The IRS even conceded this point in the *Feinberg v. Commissioner* matter. Attached as Exhibit 13 is a portion of a brief filed by the IRS in that matter in the trial court, which states: "[A]pplication of section 280E requires the predicate determination that [the taxpayer] trafficked in a controlled substance, an act that constitutes a federal crime under the relevant statutes…" *IRS Response to Petitioners' Motion for Summary Judgment*, p. 9. In other words, Defendant is not denying that a finding of illegality needs to occur before Section 280E can be applied to disallow deductions, but is taking the incorrect, and deeply concerning, position that the IRS can unilaterally make that determination without court involvement or oversight.[2]

Additionally , the CSA defines a "drug trafficker" as one who has been convicted of the distribution of a controlled substance. See 21 U.S.C. 862(a); *see also United States v. Williams*, 541 F.3d 1087 (8th Cir. 2008) (21 U.S.C.S. § 862 defines trafficking offenses

[2] Summary actions by auditors making findings of criminality would probably not comport with the due process clause. *Lipke v. Lederer*, 259 U.S. 557, 562 (1922) ("And certainly we cannot conclude, in the absence of language admitting of no other construction, that Congress intended that penalties for crime should be enforced through the secret findings and summary action of executive officers. The guarantees of due process of law and trial by jury are not to be forgotten or disregarded.")

as consisting of the distribution of controlled substances). The CSA itself does not lend to the IRS's position of illegality.[3]

The IRS has been long aware that it does not have the power to make determinations of illegality outside of the Tax Code. General Counsel for the IRS has stated:

"The Internal Revenue Service is not in a position to make determinations as to the illegality of an act under a provision of law other than the Internal Revenue Code. The Constitution of the United States provides for separation of powers, and a determination of illegality in such cases is within the province of the judiciary. From an administrative standpoint alone, such a task would be impossible for the Internal Revenue Service to undertake. From a legal standpoint, moreover, the onus which attaches to a determination of illegality is such that it would be improper to delegate such a determination to an administrative body without the procedural and substantive due process protection provided through the judicial process."

GCM 37111 at 11.

Given the above, the IRS does not have the authority to determine whether taxpayers have violated federal drug laws.

**B. <u>The Summonses Are Not for a Legitimate Purpose.</u>**

As stated above, the purpose of this Audit is not to determine income or expenses, but to determine whether the Taxpayer has violated the CSA. While the requested

[3] The court should not give the Defendant deference to its interpretation of Section 280E. The IRS has issued no regulations or any other interpretative documents which would allow the court to give deference to its interpretation. The positions by the IRS as simply litigating positions which provide no deference at all. *JT USA v. IRS*, 771 F.3d 654, 660 (9th Cir. 2014)(Litigating position by IRS is not entitled to *Chevron* deference).

records could have a legitimate purpose in a tax audit, the purposes of obtaining the records are illegitimate.

There is no legitimate purpose for the Government through the IRS to investigate whether the taxpayer sold marijuana and how much. There is no legitimate purpose for obtaining third-party enforcement division records to determine income and expenses. In addition, by the terms of the summons, the IRS is attempting to obtain the information for an improper purpose. Thus, the summons' should be quashed.

**C. The Documents Requested are not Relevant to the Legitimate Purpose.**

The documents requested are not relevant to a legitimate purpose. The records have been tendered and will be supplied to the Court under seal for further determination. The Marijuana Enforcement Division records have no relevance to an income and expense audit. This is simply a "fishing expedition" and should not be allowed.

**D. The IRS has not Completed the Administrative Steps Necessary for Issuance of the Summonses.**

In order to comply with this requirement – the administrative steps required by the Code have to be followed — in particular, that the IRS, after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect. *Powell, supra.*

There is nothing in the record to show that the IRS determined that further examination was necessary and that notified the taxpayer in writing to that effect. Thus, the IRS has failed in this step.

**E. An Evidentiary Hearing Is Necessary To Confirm The IRS' Good Faith Or, More Likely, Lack Of It.**

The Tenth Circuit has recognized that, upon a showing of a lack of good faith by the party challenging a summons issued by the IRS, an evidentiary hearing is necessary to determine if the IRS had the good faith necessary to enforce its summons. *See Balanced Fin. Mgmt., Inc.*,769 F.2d at 1445 & n.2; see also *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1347-48 (9th Cir. 1983) (citing *United States v. Church of Scientology of Cal*., 520 F.2d 818 (9th Cir. 1975)) (affirming order requiring an evidentiary hearing where petitioner clearly alleged facts from which it could be inferred that the IRS was not acting in good faith); *United States v. McCarthy*, 514 F.2d 368, 375 (3rd Cir. 1975) (holding that though petitioner's allegations of harassment were "indeed thin," they were sufficient to require an evidentiary hearing).

Given the information provided to this Court, the Petitioners have sufficiently demonstrated the lack of good faith by the IRS. If the Summons is not outright quashed, an evidentiary hearing as to the IRS' good faith is appropriate.

**RELIEF REQUESTED**

**WHEREFORE,** Petitioners request the following relief in its favor:

(a) An order quashing all Summonses; or

(b) An order scheduling an evidentiary hearing to determine if the IRS has satisfied the Powell standard for enforcement of the Summonses and, in particular, (i) whether a legitimate purpose supports enforcement of the Summonses and (ii) whether the Summonses are relevant to any legitimate purpose; and

(d) For such other relief as the Court deems just and proper.

DATED THIS 8th DAY OF AUGUST, 2016.

*s/ James D. Thorburn*
James D. Thorburn, Attorney for the Plaintiffs
THORBURN WALKER, LLC
5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
(303) 646-3482
jdt@thorburnlaw.com

*s/ Richard A. Walker*
Richard A. Walker
THORBURN WALKER, LLC
5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
(303) 646-3482
rwalker@thorburnwalker.com

Address of the Petitioners:

700 Seventeenth Street, Suite 2200
Denver, Colorado 80202