IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-mc-00167-PAB

GREEN SOLUTION, LLC, a Colorado Limited
Liability Company;
GREEN EARTH WELLNESS, INC., a dissolved
Colorado Corporation;
TGS MANAGEMENT, LLC, a Colorado Limited
Liability Company;
S-TYPE ARMORED, LLC, a Colorado Limited
Liability Company; and
IVXX INFUZIONZ, LLC, a Colorado Limited
Liability Company,

        Petitioners,

        v.

UNITED STATES OF AMERICA,

        Respondent.

---

### UNITED STATES' MOTION TO DISMISS AND ENFORCE SUMMONSES

---

The United States of America moves the Court for an Order dismissing or denying the Petition to Quash under Fed. R. Civ. P. 12(b)(6) because the Petition fails to state a claim upon which relief can be granted. In addition, the United States requests that the Court issue an order under 26 U.S.C. §§ 7604(a) and 7609(b)(2)(A) enforcing the summonses.

**Table of Contents**

INTRODUCTION .................................................................................................................. 2
STATEMENT CONCERNING DUTY TO CONFER ............................................................. 3
FACTUAL BACKGROUND ................................................................................................. 3
DISCUSSION ....................................................................................................................... 5
  I.   The Petition Fails to State a Claim for Relief ................................................... 6
    A.   The summonses were issued for a legitimate purpose. ................................ 7
    B.   The summonses seek information relevant to their legitimate purpose. .................... 11
    C.   The information sought is not in the IRS's possession. ............................. 12
    D.   The IRS has followed the required administrative steps. ........................... 12
  II.   The Court Should Issue an Order Enforcing the Summonses ........................ 13
  III.  No Hearing is Required to Deny the Petition and Enforce the Summonses ................. 14
CONCLUSION .................................................................................................................... 15

## INTRODUCTION

This lawsuit is an extension of Petitioners' ongoing campaign to prevent the Internal Revenue Service from following Section 280E of the Internal Revenue Code[1] in audits of marijuana businesses. *See, e.g., The Green Solution Retail, Inc. et al. v. United States*, Case No. 1:16-cv-257-RPM (D. Colo.); *The Green Solution Retail, Inc. et al. v. United States*, Case No. 1:16-mc-00137-PAB (D. Colo.). Section 280E denies deductions associated with trafficking in controlled substances. Despite legalization under state law in various jurisdictions across the United States, marijuana remains a controlled substance under federal law. As a result, Section 280E unequivocally applies to marijuana businesses.

Nonetheless, after failing to obtain an injunction prohibiting the IRS from auditing them at all, Petitioners now seek to deny the IRS information that would assist it in completing a perfectly lawful examination of their tax returns. Petitioners make many of the same arguments that have already been rejected by this Court. Case No. 1:16-cv-257-RPM (D. Colo.) at [Dkt. # 16] (stating in an order dismissing the case that "Congress has placed §280E in the Internal Revenue Code and assigned enforcement of it to that agency [the IRS]"). As in their prior suits, Petitioners conflate a civil tax audit with a criminal drug investigation. The IRS is not investigating Petitioners to impose any drug-related criminal liability on them. Rather, the IRS is doing what it always does: seeking information to determine whether Petitioners have paid their appropriate share of federal taxes. What Petitioners seek would amount to a special rule that marijuana-related businesses are protected from providing inventory and financial information to the IRS. Unfortunately for Petitioners, there is no legal basis for such a rule. As a result, this Petition (and other related Petitions) must be dismissed and the summonses enforced.

---

[1] Unless otherwise stated, all "Section" references are to Title 26 of the United States Code, also known as the Internal Revenue Code of 1986, as amended.

## STATEMENT CONCERNING DUTY TO CONFER

Under D.C. COLO. LCivR 7.1(b), a motion brought under Fed. R. Civ. P. 12 is exempt from the duty to confer in D.C. COLO. LCivR 7.1(a). Therefore, no conference was required in connection with this motion.

## FACTUAL BACKGROUND

Petitioners (collectively, the "Green Solution Entities") do business as part of Colorado's burgeoning marijuana industry. *E.g.,* Declaration of David J. Hewell, ¶¶ 10-13; "The Green Solution Weed Grow" video, *available at* http://blog.tgscolorado.com/186-2/ and https://www.youtube.com/watch?v=U_59o22uvXM. Just like any other business, Petitioners have federal tax obligations. To enforce those obligations, the IRS commenced an audit of Petitioner The Green Solution Retail, Inc. for the 2013 and 2014 tax years in August of 2015. Hewell Decl. ¶ 6. The audit subsequently expanded to cover related entities Green Solution, LLC, Green Earth Wellness, Inc., TGS Management, LLC, S-Type Armored, LLC, and IVXX Infuzionz, LLC[2] *Id.* ¶¶ 7-9. The purpose of the audit is to determine the correctness of Petitioners' federal tax returns and ascertain their true federal tax liabilities. *Id.* at ¶¶ 3-4, 19, 28.

In connection with the examination, the assigned IRS Revenue Agent, David Hewell, sought information directly from the Green Solution Entities. *Id.* at ¶ 14. To date, the Green Solution Entities have provided only partial bank statements and redacted accounting records; they have otherwise refused to provide sufficient information to substantiate their federal tax returns. *Id.* at ¶¶ 15-17. Without further information, Revenue Agent Hewell cannot verify the Green Solution Entities' accounting records, reconstruct their income, or otherwise corroborate

---

[2] Based on information and belief, "IVXX Infuzionz, LLC" and "Infuzionz, LLC" are the same entity. Hewell Decl. ¶ 5. This appears to be confirmed by business listings on the Colorado Secretary of State's website. *See*, Infuzionz Articles of Amendment, Document No. 20141361684, available at www.sos.state.co.us (changing name from "IVXX Infuzionz, LLC to "Infuzionz, LLC" as of June 11, 2014).

the tax returns he has been assigned to audit. *Id.* at ¶ 16. Third party information will assist Revenue Agent Hewell in making these determinations. *Id.* at ¶¶ 18-19.

In addition, Revenue Agent Hewell has been unable to determine the sufficiency of the Green Solution Entities' processes for ensuring reliable financial reporting and, therefore, the correctness of their tax returns. *Id.* at ¶ 20. Based on the Green Solution Entities' refusal to provide information and their cash-oriented business, Revenue Agent Hewell believes that these businesses may lack sufficient measures to ensure accurate financial reporting. *Id*. This is yet another reason that it is important for Revenue Agent Hewell to obtain third party information that may verify or refute the information shown on the Green Solution Entities' tax returns.

In an effort to advance his examination of the Green Solution Entities, Revenue Agent Hewell summoned their bank records and other banking information on July 19, 2016. *Id.* at ¶¶ 21-23. The summonses were properly served on each of the three summoned banks, and notice was properly given to the Green Solution Entities. *Id.* at ¶¶ 24-25. All other administrative rules and procedures were followed in issuing the summonses. *Id.* at ¶ 29. Only one bank – Wells Fargo Bank, NA – has responded to the summonses. *Id.* at ¶ 26. Due to this pending petition to quash, that material has been sequestered and quarantined by Revenue Agent Hewell, who has not reviewed it. *Id.* Apart from the information provided by Wells Fargo Bank, NA, the IRS does not already possess the information sought by the bank summonses, and the remaining two banks have not yet made a production in response to the summonses. *Id.* at ¶¶ 26-27. As described above, the information sought from the banks may be relevant to evaluating the Green Solution Entities' tax returns and determining their correct federal tax liabilities. *Id.* at ¶ 28. No Department of Justice referral, as defined by Section 7602(c), is in effect with respect to any of the Green Solution Entities or their owners for the tax periods under examination. *Id.* at ¶¶ 30-31.

Nonetheless, the Green Solution Entities filed the present petition to quash the summonses issued to the banks on August 8, 2016. [Dkt. # 1]. The petition seeks to thwart the legitimate bank summonses on a number of theories.[3] For the reasons discussed in greater detail below, each of Petitioners' theories is meritless; accordingly, the petition should be dismissed and the summonses enforced.

## DISCUSSION

The Secretary of the Treasury and the Commissioner of the Internal Revenue Service are charged with administering and enforcing the internal revenue laws. Sections 7801-7803. In order to facilitate the execution of these duties, Section 7602 grants the Secretary broad information-gathering authority. *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984) (stating that the IRS's investigative powers under Section 7602 extend to documents which are even potentially relevant). Specifically, Section 7602(a) authorizes the Secretary to examine books, papers, records, or other data, to issue summonses, and to take testimony for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability." *See, e.g., United States v. Euge*, 444 U.S. 707, 710-11 (1980).

The summonses here plainly fall within this broad authority, as they are aimed at obtaining bank records that will help the Revenue Agent substantiate figures set forth on Petitioners' federal tax returns. Despite Petitioners' protestations, there is nothing untoward or unauthorized about the IRS's investigation. Accordingly, the petition fails to state a claim for

---

[3] In addition to the bank summonses, the petition also attached, without specific mention, summonses issued to Colorado's Marijuana Enforcement Division. [Dkt. # 1-4]. These summonses are the subject of a separate proceeding: *The Green Solution Retail, Inc. et al. v. United States*, Case No. 1:16-mc-00137-PAB (D. Colo.). To the extent Petitioners also challenge these summonses in this proceeding, such a challenge is both needlessly duplicative and time-barred by the 20-day limitation period for bringing a petition to quash. 26 U.S.C. § 7609(b)(2)(A).

relief, much less set forth grounds for an evidentiary hearing. As a result, the petition should be dismissed and the summonses enforced. Each of these issues is discussed in greater detail below.

### I.   The Petition Fails to State a Claim for Relief

Under Fed. R. Civ. P. 12(b)(6), a pleading may be dismissed where it fails to state a claim upon which relief can be granted. This rule "tests the sufficiency of the allegations within the four corners" of the pleading. *E.g.*, *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). In order to survive review, a pleading must set forth a plausible claim with enough "factual content" to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Naked assertions devoid of further factual enhancement," along with "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" are insufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007)). The petition in this case fails to meet this standard.

Where, as here, a taxpayer challenges an IRS summons, the United States bears the initial burden of showing that the summons is valid. *E.g., Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987), *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985). The United States' burden is a "slight one" that may be satisfied by the declaration of a Revenue Agent. *Id., Stoffels v. Hegarty*, 267 Fed. Appx. 814, 815 (10th Cir. 2008), *United States v. Kis*, 658 F.2d 526, 536-537 (7th Cir. 1981), *cert. denied*, 455 U.S. 1018 (1982), *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68 (3d Cir. 1979). Under the test articulated by the Supreme Court in *Powell*, the United States must merely establish: (a) that the summons was issued for a legitimate purpose, (b) that the information sought in the summons is relevant to that purpose, (c) that the information sought is not already within the Commissioner's possession, and (d) that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The summonses at issue here meet all four of

these requirements. In addition to the Powell requirements, a summons must also satisfy the statutory requirement that no "Justice Department referral" be in effect with respect to the taxpayer(s) whose records are summoned. Section 7602(d). As no such referral is in effect with respect to Petitioners or their owners, this requirement is also met.

   A.   *The summonses were issued for a legitimate purpose.*

Revenue Agent Hewell issued the summonses in question as part of an examination to determine Petitioners' correct income tax liability for the 2013 and 2014 tax years. The Internal Revenue Code specifically authorizes the Secretary to issue summonses for the purpose of "determining the liability of any person for any internal revenue tax." Section 7602(a). These summonses were issued for precisely that purpose: Revenue Agent Hewell issued the bank summonses in an effort to gather information concerning Petitioners' income and expenses during 2013 and 2014, which has a direct impact on determining the amount of federal income tax that they owed in those years. Therefore, the purpose for the summonses falls squarely within the statutory authority of the Secretary.

Petitioners dispute that the summonses were issued for a legitimate purpose. Rather, Petitioners contend that the summonses amount to a "fishing expedition" and surreptitious criminal investigation of Petitioners for their participation in the marijuana industry. Petition [Dkt. #1] at 11-12. As "evidence," Petitioners cite the dichotomy between federal law and Colorado state law governing the sale and distribution of marijuana. *Id.* at 6-8. Yet none of Petitioners' arguments makes out a claim for relief based on improper purpose.

   1.   *Illegal income is taxable, and the IRS is empowered to make predicate determinations of illegality.*

Petitioners suggest that there is something inappropriate about the IRS's civil efforts to collect federal taxes from income-producing activities that are illegal under federal law. This is

contrary to statute and case law, which plainly allows the IRS to tax income from illegal sources. *See, e.g.*, Section 61 (including in gross income "all income from whatever source derived"), *James v. United States*, 366 U.S. 213 (1961) (finding that embezzled funds must be included in gross income and noting that Congress evinced an "obvious intent" to "tax income derived from both legal and illegal sources"), *Rutkin v. United States*, 343 U.S. 130, 137 (1952) (noting the "widespread and settled administrative and judicial recognition of the taxability of unlawful gains of many kinds"), *United States v. Sullivan*, 274 U.S. 259 (1927) (holding that taxpayer during prohibition was required to report his income from his then-illegal liquor business).

Petitioners nonetheless argue that it is "beyond the authority" of the IRS to make a determination that Petitioners operate a business that sells marijuana, in violation of the Controlled Substances Act. [Dkt. # 1] at 8-11. Yet this is exactly what Congress has instructed the IRS to do in Section 280E, which is not a criminal statute, but rather a provision of the Internal Revenue Code. Section 280E commands that the IRS deny deductions for expenses of trafficking in controlled substances in violation of federal (*or* state) law. Contrary to Petitioners' suggestions, the application of this statute is "clear" and "does not depend on the illegality of marijuana sales under state law." *Olive v. Comm'r*, 792 F.3d 1146, 1150 (9th Cir. 2015). The prohibition of marijuana sales under federal law alone is enough to trigger section 280E. *Id.* It is up to Congress to change the policy set forth in Section 280E; until then, the IRS not only has the authority to, but must, enforce it. *Id.*

Nor is it unusual for Congress to charge the IRS with making such a determination. The United States Tax Code is vast and complex, requiring the IRS to make myriad seemingly "non-tax" determinations in the course of its enforcement efforts. The IRS frequently determines in a civil audit that an individual or business is engaged in illegal conduct. For instance:

8

- **Fraud.** Section 6663 requires the IRS to evaluate whether a taxpayer has engaged in fraud in order to determine whether a civil penalty applies. Like trafficking in marijuana, fraud can expose a taxpayer to federal criminal liability. *E.g.*, Sections 7206 & 7207. Yet the potential for criminal liability does not prevent a Revenue Agent from properly summoning information to make a fraud determination under Section 6663. *E.g., United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 308-309 (1978).

- **Illegal Bribes and Kickbacks.** In order to enforce Section 162(c)'s denial of deductions for "illegal bribes, kickbacks, and other payments," the IRS must make the predicate determination that the taxpayer has made such an illegal payment. And the IRS may use summonses to make that predicate determination. *E.g., United States v .Wyatt*, 637 F.2d 293, 301 (5th Cir. 1981) (upholding relevance of summons seeking testimony related to bribes or kickbacks in violation of state or federal law).

- **Theft.** In the area of theft losses, the IRS is charged under Section 165(e) with determining whether a particular loss arose by way of "larceny, embezzlement," or "robbery" – all of which are crimes. Treas. Reg. § 1.165-8.

The examples set forth above are by no means exclusive: the IRS must regularly make predicate determinations that criminal conduct has occurred in order to enforce the United States Tax Code. There is nothing untoward about the IRS making the predicate determination in this case that Petitioners traffic in marijuana, which is a controlled substance under the CSA.

In attempting to support their argument that the IRS lacks the authority to make this determination, Petitioners cite to a single nearly 40-year-old "General Counsel Memorandum" specific to the area of tax-exempt entity classification. [Dkt. # 1] at 10-11, citing I.R.S. Gen. Couns. Mem. 37,111 (May 4, 1977), *available at* 1977 WL 46040. The memorandum does not provide the support Petitioners seek. First, it predates the enactment of Section 280E as part of the Tax Equity and Fiscal Responsibility Act of 1982, so how it could possibly control in this case is unclear. *See,* Pub. L. No. 97–248, § 351, 96 Stat. 324 (Sept. 3, 1982). Second, the memorandum explicitly states that it has no precedential value. I.R.S. Gen. Couns. Mem. 37111 at *9. Third, the selective quote cited by Petitioners relates to an administrative decision made by the IRS to rely only on judicially determined legal violations in denying or revoking "the [tax]

exemption of a business league on account of illegal activity." *Id.* at *6. This simply does not translate to the IRS's authority to make determinations under Section 280E. Fourth, and finally, the IRS issued subsequent guidance both authorizing and instructing employees on how to make determinations of illegality in the area of tax exempt organizations, which undermines any conclusion Petitioners seek to draw. *See, e.g., Activities That Are Illegal or Contrary to Public Policy*, IRS Exempt Organizations Continuing Professional Education (CPE) Technical Instruction Program for Fiscal Year 1985, *available at* https://www.irs.gov/pub/irs-tege/eotopicj85.pdf.

> ### 2. There is no evidence of any surreptitious investigation seeking to impose criminal liability on Petitioners under the CSA.

Petitioners repeatedly conflate the IRS's predicate determination of illegality under Section 280E for purposes of a civil audit with a criminal prosecution. Specifically, Petitioners appear to allege that the IRS is secretly investigating them for violations of the Controlled Substances Act with an eye towards criminal prosecution *for violation of that Act*. Petitioners offer not even a scintilla of evidence that would support such a claim, and, in any event, such allegations are soundly refuted by Revenue Agent Hewell's declaration.

Indeed, the requests for information concerning Petitioners' banking activities, including account information, bank statements, cancelled checks, wire transfer authorizations, deposit slips, and correspondence, are not evidence that the IRS is undertaking an unauthorized, non-tax, criminal investigation. The requests merely seek financial information that all businesses – whether related to marijuana or not – would be expected to maintain. This information will assist the IRS in determining the extent of Petitioners' business activities, whether or not Petitioners have reported all of the income they earned in 2013 and 2014, and whether they accurately claimed and categorized deductions over those same years. The requests are not dictated solely

by the product Petitioners grow and sell; if Petitioners were growing corn, the IRS would request the same type of information. These are standard examination techniques set forth in the Internal Revenue Manual. *See, e.g.*, I.R.M. 4.10.3 (Examination Techniques), available at http://www.irs.gov/irm/.

B.  *The summonses seek information relevant to their legitimate purpose.*

The summonses at issue in this case seek basic financial data common to any business. In order to meet the relevance requirement, the information sought by the Secretary need only be *potentially* relevant. *Arthur Young*, 465 U.S. at 813-814. Information meets this standard where it "might throw light upon the correctness of [a taxpayer's] tax return." *Id.* at 813. Petitioners' banking information easily meets this standard, as it will almost certainly shed light on Petitioners' correct income for the 2013 and 2014 tax years by substantiating the cash flows coming in and going out of their business. Therefore, the information sought in the summonses is relevant to the legitimate purpose identified above.

Petitioners appear to acknowledge as much. While the petition arguably states that the requested documents are "not relevant," it makes no specific mention of the banking records requested by the summonses at issue in this case. Instead, the petition mentions only records requested from Colorado's Marijuana Enforcement Division ("MED"). The IRS has issued summonses to MED, but they are the subject of a separate proceeding. *The Green Solution Retail, Inc. et al. v. United States*, Case No. 1:16-mc-00137-PAB (D. Colo.). Those summonses have not been challenged here; therefore, Petitioners' argument is inapposite in this proceeding. Petitioners do not – and cannot – seriously challenge the relevance of bank records in an IRS audit.

*C. The information sought is not in the IRS's possession.*

The IRS did not possess the documents sought through the bank summonses when it issued them, and the only response provided to date is that from Wells Fargo Bank, NA. Those documents have been properly quarantined, and the Revenue Agent has not reviewed them. Other than a minimal, incomplete production of bank statements, Petitioners themselves have not provided this information to the IRS. Nor do Petitioners argue that the IRS otherwise possesses the records sought through the bank summonses. Thus, Petitioners appear to concede that this factor is met.

*D. The IRS has followed the required administrative steps.*

The declaration of a Revenue Agent is sufficient to establish that all administrative steps have been followed. *E.g., Stoffels*, 267 Fed. Appx. at 815. Revenue Agent Hewell's declaration states that he followed all administrative steps required by the Internal Revenue Code in issuing the bank summonses. Hewell Decl. ¶ 29. Revenue Agent Hewell's declaration goes further and outlines the steps he took to issue the summonses and properly serve notice in accordance with 26 U.S. C. §§ 7603 and 7609. Hewell Decl. ¶¶ 24-25. Thus, the United States has presented sufficient evidence to show that the IRS followed all required administrative steps in issuing the bank summonses.

Petitioners argue that Revenue Agent Hewell was required to make some kind of affirmative determination that "further examination" is "necessary," and notify them "in writing" to that effect. [Dkt. # 1] at 13. Petitioners cite no authority for this proposition apart from *Powell*. In *Powell*, the Court was addressing a situation where the IRS sought to examine the same taxpayer records a second time, which is ordinarily prohibited. 26 U.S.C. § 7605(b) (allowing only one inspection of taxpayer books and records "unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional

12

inspection is necessary."). This provision does not apply here. First, the records sought belong to the banks, not Petitioners. Second, the IRS has not examined the requested records even once. Petitioners' argument lacks merit. The only notice necessary with respect to the summonses at issue here is the notice that was properly given to Petitioners under 26 U.S.C. § 7609.

In sum, all four components of the test outlined in *Powell* are satisfied, and the United States has met its burden of showing that the summonses are valid. Once the United States has made a *prima facie* case for enforcement of a summons, the taxpayer then bears the "heavy" burden of showing that enforcement would constitute an "abuse of process." *E.g., Stoffels*, 267 Fed. Appx. at 815- 816, *Balanced Fin. Mgmt*, 769 F.2d at 1444 (citing *Garden State*, 607 F.2d at 68). In order to make this showing, the taxpayer must either factually oppose the United States' allegations with respect to the *Powell* factors, or must make sufficient factual allegations to support a defense of bad faith. *Garden State*, 607 F.2d at 71, *Balanced Fin. Mgmt.*, 769 F.2d at 1444. Allegations supporting a defense of bad faith are "insufficient if conclusionary." *Id.* Petitioners' allegations that the summonses were issued in bad faith or for an illegitimate purpose are unfounded for the reasons set forth above. Petitioners cannot meet their evidentiary burden, and have therefore failed to state a claim upon which relief may be granted.

## II.  The Court Should Issue an Order Enforcing the Summonses

Under 26 U.S.C. § 7609(b)(2)(A), in any proceeding to quash a third party summons, "the Secretary may seek to compel compliance with the summons." In addition, district courts have jurisdiction to order compliance with summonses issued by the IRS under 26 U.S.C. § 7604(a). As described in detail above, Revenue Agent Hewell has issued valid and enforceable summonses in connection with his investigation into Petitioners' federal income tax obligations for 2013 and 2014. Petitioners have failed to raise a valid basis to quash the summonses, and none of the summoned banks has raised any objection to complying with the summonses.

Therefore, the Court should issue an order requiring each of the banks to comply with the summonses.

### III. No Hearing is Required to Deny the Petition and Enforce the Summonses

Petitioners' final argument is that the Court should afford them "an evidentiary hearing" to "determine if the IRS had the good faith necessary to enforce its summons." [Dkt. # 1] at 13-14. Citing a number of outdated cases, Petitioners allege that they are entitled to a hearing based on "the information provided to this Court," without more. This is not enough. As the Supreme Court recently reaffirmed, the longstanding rule is that "summons enforcement proceedings are to be summary in nature." *United States v. Clarke*, 132 S. Ct. 2361, 2367 (2014) (citations omitted). A taxpayer may examine an IRS agent in an evidentiary hearing only where he can "point to specific facts or circumstances plausibly raising an inference of bad faith. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge." *Id.* It is worth noting that, after the Supreme Court overruled the Eleventh Circuit's decision that the taxpayers were entitled to an evidentiary hearing, the *Clarke* matter was ultimately remanded to the District Court, which enforced the contested summonses without a hearing. *United States v. Clarke*, 2015 WL 1324372, *3 (S.D. Fla. 2015), *aff'd* 816 F.3d 1310 (11th Cir. 2016).

Under *Clarke*, Petitioners' allegations are insufficient to justify an evidentiary hearing because they do not plausibly raise an inference of bad faith. As already set forth in detail above, the bank summonses seek basic financial data that may be critical in the pending civil tax audit. Petitioners do nothing to address, much less rebut, the facts showing that the summonses are proper. Petitioners' arguments must be seen for what they are: "naked allegations of improper purpose" that do not justify an evidentiary hearing. Petitioners' request for an evidentiary hearing should be denied.

**CONCLUSION**

The summons power granted to the IRS is expansive, and is intended to be used in conjunction with the IRS's ordinary audit activities. Restrictions on the IRS's summons power are to be avoided, absent unambiguous Congressional direction. *See Arthur Young*, 465 U.S. at 816; *Euge*, 444 U.S. at 715. Even under the most generous reading of their allegations, Petitioners have failed to allege facts sufficient to disprove the IRS's legitimate purpose in issuing the summonses in this case. As a result, Petitioners are not entitled to a hearing, and the petition should be dismissed for its failure to state a claim upon which relief may be granted. Furthermore, the Court should issue an order enforcing the bank summonses.

Dated:  October 7, 2016

Respectfully submitted,

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

*/s/ Lindsay L. Clayton*
LINDSAY L. CLAYTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-2956 (v)
202-307-0054 (f)
Lindsay.L.Clayton@usdoj.gov

Of Counsel:
BOB TROYER
Acting United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> James D. Thorburn (jdt@thorburnlaw.com)
> Richard A. Walker (rwalker@thorburnlaw.com)
> *Counsel for Petitioners*

> */s/ Lindsay L. Clayton*
> LINDSAY L. CLAYTON
> Trial Attorney, Tax Division
> United States Department of Justice