IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-mc-00137-PAB

THE GREEN SOLUTION RETAIL, INC., a
Colorado Corporation;

GREEN SOLUTION, LLC, a Colorado Limited
Liability Company;

INFUZIONZ, LLC, a Colorado Limited Liability
Company; and

GREEN EARTH WELLNESS, INC., a dissolved
Colorado Corporation,

Petitioners,

v.

UNITED STATES OF AMERICA,

Respondent.

## PETITIONERS' MOTION FOR THE COURT TO POSTPONE ITS RULING UNTIL AN OPINION HAS BEEN ISSUED IN APPELLATE CASE NO. 16-1281

Petitioners, The Green Solution Retail Inc., a Colorado corporation, Green Solution, LLC, a Colorado limited liability company, Infuzionz, a Colorado limited liability company, Green Earth Wellness Inc., a dissolved Colorado corporation (collectively hereinafter referred to as "Petitioners" or "The Green Solution"), by and through their below signed counsel, hereby submit the following Motion for the Court to Postpone Its Ruling Until an Opinion Has Been Issued in Appellate Case No. 16-1281.

> **D.C.Colo.LCivR 7.1(A) conferral: The undersigned certifies that he conferred with opposing counsel regarding this motion and opposing counsel objects to the relief requested.**

1. On September 23, 2016, the Respondent filed its Motion to Dismiss and Enforce the Summonses. Respondent argued that the summons was issued for a legitimate purpose, the summons seeks information relevant to its legitimate purpose, the information sought is not in the IRS's possession, the IRS has followed the required administrative steps, and that the Court should enforce the summons.

2. In their Response, the Petitioners argued that there must be a finding of illegality in order for Section 280E to apply, that the summonses were not issued for a legitimate purpose, the information sought by the summonses is not relevant to a legitimate purpose, the information sought from MED is already in the IRS' possession or can be provided from other sources than MED, and that an evidentiary hearing should be required.

3. In their Submission of Additional Authority filed contemporaneously herewith, Petitioners introduced two authoritative cases: _Yarkus v. United States_, 321 U.S. 414, 425-26 (1944) and _Alaska Professional Hunters Ass'n v. Federal Aviation Administration_, 177 F.3d 1030 (D.C. Cir. 1999). In this submission, Petitioners discussed how these cases strengthen their original argument that there must be a finding of illegality in order for Section 280E to apply. These cases discuss how the lack of a standard, either by statute or regulation, to make a determination of illegality presumes that Congress has not delegated its authority to the IRS to investigate violations of federal criminal drug laws. Therefore, there can be no determination of illegality by the IRS, absent a criminal prosecution.

4. On March 22, 2017, the Tenth Circuit Court of Appeals heard oral argument in <u>*The Green Solution Retail, Inc., et al. v. United States of America, et al.,*</u> Case No. 16-1281. The panel seemed particularly dissatisfied with the IRS and its inability ability to articulate the standard used when enforcing 280E and in determining what is considered unlawful trafficking under 280E. The panel continually requested that counsel provide a concrete standard, which counsel could not do. As discussed above, standards are necessary in order for there to be a constitutional delegation of authority from Congress. In this case, the standards are non-existent. The Petitioners are cautiously optimistic that the Tenth Circuit will address the lack of standard issue in its opinion, as well as issue guidance on whether legislative rulemaking must be required to invoke a determination of what is considered unlawful trafficking under 280E. As a result of its opinion, the Tenth Circuit may likely answer the question of whether the IRS has jurisdiction to investigate and find that taxpayers have violated the Controlled Substances Act.

5. Also, the Petitioners believe that the Tenth Circuit opinion will help to add some light to their argument laid out in their Petition to Quash and their Submission of Additional Authority.

6. To this end, Petitioners request that this Court postpone its ruling until an opinion has been issued in Appellate Case No. 16-1281. Petitioners estimate that the appellate decision will be issued within thirty to sixty days from the date of this filing and will apprise this court of a decision.

7. In considering the interests of judicial economy and justice, a deferred ruling will not unfairly prejudice any party to this case.

**WHEREFORE**, The Petitioner requests that this Court postpone its ruling until an opinion has been issued in Appellate Case No. 16-1281.

Dated: April 12, 2017

    Respectfully submitted,

    THORBURN WALKER LLC

    */s/ James D. Thorburn*
    James D. Thorburn
    Attorney for the Petitioners
    5460 South Quebec Street, Suite 310
    Greenwood Village, Colorado 80111
    (303) 646-3482
    jthorburn@thorburnwalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2017 I electronically filed the above and foregoing using the CM/ECF system which will send notification to such filing to the following e-mail addresses:

LINDSAY L.CLAYTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

    */s/ James D. Thorburn*

4