IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-mc-00137-PAB

THE GREEN SOLUTION RETAIL, INC., a
Colorado Corporation;

GREEN SOLUTION, LLC, a Colorado Limited
Liability Company;

INFUZIONZ, LLC, a Colorado Limited Liability
Company; and

GREEN EARTH WELLNESS, INC., a dissolved
Colorado Corporation,

Petitioners,

v.

UNITED STATES OF AMERICA,

Respondent.

**PETITIONERS' SUBMISSION OF ADDITIONAL AUTHORITY ON THEIR RESPONSE TO RESPONDENT'S MOTION TO DISMISS**

Petitioners, The Green Solution Retail Inc., a Colorado corporation, Green Solution, LLC, a Colorado limited liability company, Infuzionz, a Colorado limited liability company, Green Earth Wellness Inc., a dissolved Colorado corporation (collectively hereinafter referred to as "Petitioners" or "The Green Solution"), by and through their below signed counsel hereby submit the following Submission of Additional Authority on Their Response to Respondent's Motion to Dismiss.

1. On September 23, 2016, the Respondent filed its Motion to Dismiss and Enforce the Summonses. Respondent argued that the summons was issued for a legitimate purpose, the

summons seeks information relevant to its legitimate purpose, the information sought is not in the IRS's possession, the IRS has followed the required administrative steps, and that the Court should enforce the summons.

2. In their Response, the Petitioners argued that there must be a finding of illegality in order for Section 280E to apply, that the summonses were not issued for a legitimate purpose, the information sought by the summonses is not relevant to a legitimate purpose, the information sought from MED is already in the IRS' possession or can be provided from other sources than MED, and that an evidentiary hearing should be required.

3. On March 22, 2017, the Tenth Circuit Court of Appeals heard oral argument in <u>The Green Solution Retail, Inc., et al. v. United States of America, et al.</u> Case No. 16-1281. The panel seemed particularly dissatisfied with the IRS and its inability ability to articulate the standard used when enforcing 280E and in determining what is considered unlawful trafficking under 280E. The panel continually requested that counsel provide a concrete standard, which counsel could not do. This oral argument led the Petitioners to discover additional authority to support their original argument that there must be a finding of illegality in order for Section 280E to apply.

4. Petitioners now introduce two authoritative cases: <u>Yarkus v. United States</u>, 321 U.S. 414, 425-26 (1944) and <u>Alaska Professional Hunters Ass'n v. Federal Aviation Administration</u>, 177 F.3d 1030 (D.C. Cir. 1999).

5. As these cases illustrate, a lack of standards precludes the IRS from investigating and finding a taxpayer has violated federal drug laws. Neither Section 280E, Treasury Regulations, the Internal Revenue Manual, nor any testimony by opposing counsel during oral argument, revealed any standards by which the IRS is to use in determining whether a taxpayer has violated

federal criminal drug laws. While Congress may delegate authority to an agency, such delegation is constitutionally permissible only if Congress provides "standards to guide the authorized action such that one reviewing the action could recognize whether the will of Congress has been obeyed." *Yarkus v. United States*, 321 U.S. 414, 425-26 (1944) (Non-Delegation Doctrine). Since there are no standards either by statute or regulation in which to make this determination, the Court should conclude that Congress has not delegated its authority to the IRS to investigate violations of federal criminal drug laws. Since there are no standards, and no delegation by Congress, the findings by the Auditor that the Petitioners violated federal criminal drug laws is arbitrary and should not be approved by this Court.

6. When the IRS stopped relying upon convictions to invoke Section 280E and began its own investigations, the IRS needed to engage in rulemaking before doing so. As discussed above, the IRS previously relied upon convictions of drug dealers in order to invoke Section 280E. In fact, the IRS had taken an official position that it could not make determinations of illegal conduct outside the Tax Code. See, e.g., GCM 37111. However, once the Ogden Memo was issued, the IRS changed course and started administratively determining whether a taxpayer had unlawfully trafficked. Even if the reliance of convictions was considered informal policy, this change of course required the IRS to go through the formal rulemaking process. *Alaska Professional Hunters Ass'n v. Federal Aviation Administration*, 177 F.3d 1030 (D.C. Cir. 1999). Thus, assuming that Congress delegated authority to the IRS to conduct such federal drug law investigations, Treasury Regulations had to be established to make standards of what unlawful trafficking means under Section 280E. Certainly, the question of what "unlawful trafficking" means would be legislative in character, thus requiring rulemaking for such determinations to be enforceable. *Id*. Since there were no Treasury Regulations in place to determine what unlawful

3

trafficking means, the Auditor's determination that the Petitioners have unlawfully trafficked in a controlled substance is arbitrary and should not be approved by this Court.

7. The lack of a standard, either by statute or regulation, to make a determination of illegality presumes that Congress has not delegated its authority to the IRS to investigate violations of federal criminal drug laws. Because there can be no determination of illegality by the IRS, absent a criminal prosecution, there cannot be a finding of illegality in this case.

8. The Petitioners submit *Yarkus v. United States*, 321 U.S. 414, 425-26 (1944) and *Alaska Professional Hunters Ass'n v. Federal Aviation Administration,* 177 F.3d 1030 (D.C. Cir. 1999) as supplemental authority for this Court to consider on Petitioners' Response and Reply to Respondent's Motion to Dismiss.

Dated: April 12, 2017

Respectfully submitted,

THORBURN WALKER LLC

*/s/ James D. Thorburn*
James D. Thorburn
Attorney for the Petitioners
5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
(303) 646-3482
jthorburn@thorburnwalker.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this 12th day of April, 2017 I electronically filed the above and foregoing using the CM/ECF system which will send notification to such filing to the following e-mail addresses:

LINDSAY L.CLAYTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

                       */s/ James D. Thorburn*