## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-mc-00167-PAB

**GREEN SOLUTION, LLC, a Colorado**
**Limited Liability Company;**

**GREEN EARTH WELLNESS, INC.,**
**a dissolved Colorado Corporation;**

**TGS Management, LLC, a Colorado Limited**
**Liability Company**

**S-Type Armored, LLC, a Colorado Limited**
**Liability Company; and**

**IVXX Infuzionz, LLC, a Colorado Limited**
**Liability Company,**

**Plaintiffs,**

**v.**

**UNITED STATES OF AMERICA,**
**through its agency the INTERNAL**
**REVENUE SERVICE,**

**Defendants.**

_____

### PETITIONERS' REPLY TO UNITED STATES' OPPOSITION TO PETITIONERS' MOTION TO STAY DECISION

_____

THE PETITIONERS, Green Solution, LLC,  IVXX Infuzionz, LLC, TGS Management, LLC, S-Type Armored, LLC,   and  Green Earth Wellness, Inc. (hereinafter "The Green Solution") by and through their undersigned counsel, hereby reply to Respondent, United States of America's Opposition to Petitioners' Motion to Stay Decision as follows:

## I. BACKGROUND

This case concerns whether investigations of violations of the Controlled Substances Act, ("CSA") are beyond the authority of the IRS.  Petitioners maintain that the IRS is abusing its authority under its civil audit power to conduct essentially a criminal investigation of purported violations of the Controlled Substances Act and that, because the CSA is outside of the Internal Revenue Code, what the IRS seeks to do is outside of its civil and even criminal enforcement authority.

Petitioners asked this Court to postpone its ruling until the Tenth Circuit Court of Appeals ruled in appellate case number 16-1281. (It should be noted that the Petitioners in this case are the same Petitioners as in Appellate case number 16-1281).  After the Petitioners filed their Motion to Postpone Ruling, the Tenth Circuit issued a ruling on May 2nd, 2017.  *Green Sol. Retail, Inc. v. United States*, No. 16-1281, 2017 U.S. App. LEXIS 7746 (10th Cir. May 2, 2017)(Selected for Official Publication).  The Appellate Court ruled that it did not have jurisdiction to hear the merits under the Anti-Injunction Act based upon a previous ruling of the Tenth Circuit in *Lowrie v. United States*, 824 F.2d 827 (10th Cir. 1987).  However, the issue is not over.  The Supreme Court in *Direct Mktg. Ass'n v. Brohl*, 135 S. Ct. 1124, 191 L. Ed. 2d 97 (2015) disapproved of the interpretations of the AIA used in *Lowrie.*  The Appellate panel stated: "We conclude that while *Direct Marketing* calls our holding in *Lowrie* into question, that question cannot be answered by this panel acting alone." *Green Sol. Retail,* at *16.  The panel stressed three times throughout its opinion that the question of jurisdiction may be further litigated in an En Banc Hearing of a 12-panel court.  "We are bound by the precedent of prior panels **absent en banc reconsideration** or a superseding contrary decision by the Supreme Court." *Id.*  If the Tenth Circuit ultimately grants jurisdiction to hear the merits of the case, the

ongoing and vital question of the IRS' authority to conduct criminal investigations will be decided. Given the above, the Petitioners are in the process of filing a Petition for an En Banc rehearing.

In considering the interests of judicial economy and justice, a deferred ruling in this case will not unfairly prejudice any party to this case and the Petitioners' Motion to Postpone Ruling should be granted.

## II. ARGUMENT

**A. *Defendant Wrongfully Asserts That Petitioners Filed A Motion To Stay Pending Appeal and, Thus, Uses the Wrong Standard of Law To Support Its Argument.***

Petitioners asked this court to postpone its ruling – effectively holding the case in abeyance - until the Tenth Circuit Court of Appeals makes a final ruling in appellate case number 16-1281. In doing so, Petitioners rely on the doctrine laid out in *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, "The Court has control over its own docket and in the exercise of sound discretion, may hold one lawsuit in abeyance to abide the outcome of the other, especially where the parties and the issues are the same." *Accord, see also*, *United States v. Banks*, 761 F.3d 1163 (10th Cir. 2014); *Larsen v. Powell*, 16 F.R.D. 322 (D. Colo. 1954). Here, Petitioners are simply asking this court to hold this lawsuit in abeyance while the Tenth Circuit decides the main issue in this case involving the same parties.

In its opposition, Defendant cites numerous cases applying the standard for stay in post judgment proceedings. This is not a post judgment proceeding. Thus, Defendant's argument based on the wrong standard should be given no weight.

**B.  *The Parties and Issues Are the Same in this Case as in the Tenth Circuit Case,***

   ***Thus Making the Ruling in the Tenth Circuit Relevant to the Issues in this Case.***

Defendant asserts that the outcome of the Tenth Circuit ruling will have no effect on the merits of this case. In its opposition, Defendant states "Even if Petitioners' cautious optimism were rewarded and the Tenth Circuit issued dicta lambasting some aspect of Section 280E, it would have no impact on the enforceability of the bank summonses at issue here."

The Government's reliance is misplaced.  The question on the merits in the Appellate case is whether the IRS has the jurisdiction to conduct these criminal investigations.   As the Court stated:

"The IRS is currently auditing Green Solution's tax returns for the 2013 and 2014 tax years to determine whether it should apply 26 U.S.C. § 280E (I.R.C. § 280E), which forbids federal tax deductions and credits to companies trafficking in a "controlled substance" as defined by the Controlled Substances Act (CSA). The IRS **made initial findings that Green Solution trafficked in a controlled substance and is criminally culpable under the CSA." "**To the extent Green Solution argues the IRS exceeded its authority under the Internal Revenue Code, we lack subject matter jurisdiction to consider the merits of the argument. We decide here only that the IRS's efforts to assess taxes based on the application of § 280E fall within the scope of the AIA." (Emphasis Added)

*Green Solution,* at 16.

**C.  The Risk Of Information Sharing And Its Subsequent Prejudicial Effects Far**

   **Outweigh The Effects Of Postponing A Ruling In This Case.**

While it is not known if the IRS is currently sharing audit information in this case with the DOJ, the ability of the IRS to share these investigative findings with the DOJ is clear. 26 USC §6103. If shared, its prejudicial effect on the Petitioners will be irreparable. Likewise, the DOJ will have access to information that otherwise would not be readily available or discoverable in a criminal investigation. The DOJ will have, in effect, avoided stricter discovery procedures required in a criminal investigation or prosecution. If a substantial portion of the investigation is for criminal purposes, then arguably Powell will no longer apply and the rules regarding probable cause would apply. See *United States v. Utecht*, 238 F.3d 882 (7th Cir. 2001) (The government's use of civil subpoenas (or other kinds of administrative measures that do not require probable cause) principally to further a criminal investigation could undermine U.S. Constitution Amendment IV's probable cause requirement). The Tenth Circuit's finding that the IRS is seeking to determine criminal culpability calls into question whether the summonses meet Fourth Amendment scrutiny.

The government maintains that it has already been harmed through significant delays in its examination into Petitioners' tax liabilities and that "In the extreme, delaying an IRS audit prejudices the government through loss of evidence." What evidence does the government need that will be lost, unless it is tangible evidence that the government plans on using in a criminal prosecution? The government does not make it clear. The only evidence in dispute are records that are maintained in a heavily regulated document management database, and will be easily accessible if necessary. Thus, loss of evidence is not an issue here. What is an issue is that the Petitioners' procedural due process rights, as they relate to criminal procedure laws, will be

swiped right out from under them without any Constitutional protection if the IRS is given full authority to conduct criminal investigations.

Thus, despite the Government's assertions to the contrary, the IRS should not be granted the authority to make such findings until the Tenth Circuit definitively rules otherwise.

Conclusion

The Petitioners' Motion to Postpone ruling should be GRANTED.

Dated: May 19, 2017

Respectfully submitted,

THORBURN WALKER LLC

*/s/ James D. Thorburn*
James D. Thorburn
Attorney for the Petitioners
5460 South Quebec Street, Suite 310
Greenwood Village, Colorado 80111
(303) 646-3482
jthorburn@thorburnwalker.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of May, 2017 I electronically filed the above and foregoing using the CM/ECF system which will send notification to such filing to the following e-mail addresses:

LINDSAY L.CLAYTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

*/s/ James D. Thorburn*