IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Miscellaneous Action No. 16-mc-00167-PAB

GREEN SOLUTION, LLC, a Colorado Limited Liability Company,
GREEN EARTH WELLNESS, INC., a dissolved Colorado Limited Liability Company,
TGS MANAGEMENT, LLC, a Colorado Limited Liability Company,
S-TYPE ARMORED, LLC, a Colorado Limited Liability Company, and
IVXX INFUZIONZ, LLC, a Colorado Limited Liability Company,

    Petitioners,

v.

UNITED STATES OF AMERICA, through its agency the Internal Revenue Service,

    Respondent.
_____

**ORDER**
_____

This matter is before the Court on petitioners' Petition to Quash Summonses [Docket No. 1], the United States' Motion to Dismiss and Enforce Summonses [Docket No. 7], and the Petitioners' Motion for the Court to Postpone its Ruling Until an Opinion has Been Issued in Appellate Case No. 16-1281 [Docket No. 15].

## I. BACKGROUND

Petitioners are related business entities, operated by Nicholas, Kyle, and Eric Speidell, that are engaged in the retail sale of marijuana-related products in Colorado. Docket No. 7-1 at 3, ¶¶ 10-11. The Internal Revenue Service ("IRS") is conducting a civil audit of petitioners' tax liability for fiscal years 2013 and 2014. Docket No. 1 at 5, ¶ 18; Docket No. 7-1 at 2, ¶¶ 4-5. In relation to the audit, David Hewell, an IRS revenue agent, informed petitioners that his department had made a determination that

petitioners were trafficking in a controlled substance and Revenue Agent Hewell requested that petitioners provide records to establish the extent of their activities. Docket No. 1 at 5-6, ¶¶ 19-20; Docket No. 7-1 at 4, ¶ 15. In response to Revenue Agent Hewell's requests, petitioners produced bank records, which Revenue Agent Hewell believed were insufficient to substantiate the figures shown on petitioners' tax returns. Docket No. 1 at 6, ¶ 20; Docket No. 7-1 at 4-5, ¶¶ 14-20. The IRS subsequently issued summonses to Wells Fargo Bank, NA, Verus Bank of Commerce, and Partner Colorado Credit Union seeking petitioners' "account information, bank statements, cancelled checks, wire transfer authorizations, deposit slips, correspondence, and other banking documents." Docket No. 7-1 at 5, ¶¶ 21-23. Petitioners now seek to quash those summonses, Docket No. 1, and the government is seeking to enforce the summonses. Docket No. 7.

In a separate proceeding, petitioner The Green Solution Retail, Inc. ("Green Solution") sought similar relief against the IRS. *See Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111, 1113 (10th Cir. 2017) ("*Green Solution*").[1] The Tenth Circuit affirmed the trial court's dismissal of Green Solution's claims as barred by the Anti-Injunction Act, 26 U.S.C. § 7421 (Internal Revenue C. § 7421). The Tenth Circuit rejected Green Solution's argument that the IRS acted outside its authority, concluding that "the IRS's obligation to determine whether and when to deny deductions under § 280E[] falls squarely within its authority under the Tax Code." *Green Solution*, 855

---

[1] Petitioners moved the Court to withhold ruling on their petition until the Tenth Circuit decided Green Sol. Retail, Inc.'s appeal. *See* Docket No. 15. As the Tenth Circuit decided that appeal in *Green Solution*, 855 F.3d 1111 (10th Cir. 2017), the Court will deny petitioners' motion to withhold a ruling as moot. *See* Docket No. 15.

F.3d at 1121.

## II. DISCUSSION

In order to enforce a summons, the IRS must show that the "investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the IRS Commissioner's possession, and that the administrative steps required by the Tax Code have been followed—in particular, that the 'Secretary [of the Treasury] or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect." *United States v. Powell*, 379 U.S. 48, 57-58 (1964).[2] The IRS's burden "is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985) (citation omitted). "The requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement." *Id*. (internal quotation marks omitted).

If the IRS makes the *prima facie* showing required under *Powell*, the burden shifts to the party resisting enforcement, whose "burden is a heavy one." *Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1444 (citing *United States v. Garden State National Bank*, 607 F.2d 61, 68 (3d Cir. 1979)). The party resisting enforcement must establish a defense,

---

[2] Additionally, the IRS is barred from issuing or enforcing summonses under the Internal Revenue Code "with respect to any person if a Justice Department referral is in effect with respect to such person." 26 U.S.C. § 7602(d) (I.R.C. § 7602(d)). Petitioners do not dispute that there is no Justice Department referral in effect in relation to them. *See* Docket No. 7 at 7.

show a lack of good faith on the part of the IRS, or "prove that enforcement would constitute an abuse of the court's process." *Id*. (internal quotation marks omitted).

### A. Legitimate Purpose

The government provides a declaration from Revenue Agent Hewell stating that he served the summonses in relation to an "examination of the federal tax liabilities" of petitioners and that, "[b]ased on websites that appear to be associated with" petitioners, they "are engaged in the retail sale of marijuana and marijuana-related products in Colorado." Docket No. 7-1 at 2, ¶ 4 and at 3, ¶ 11. The government argues that its investigation of whether petitioners' income derives from the sale of marijuana is a legitimate purpose in light of the bar on deductions and credits for businesses trafficking in controlled substances under Internal Revenue Code § 208E. Docket No. 7 at 7-10.

Petitioners argue that "Section 280E requires there to be a finding of illegality under federal drug laws before it can be applied." Docket No. 1 at 10. Petitioners claim that, because the IRS's authority is limited to enforcing the Internal Revenue Code, the "IRS does not have the authority to determine whether taxpayers have violated federal drug laws." *Id*. at 12. Based on this alleged lack of necessary authority, petitioners argue that the IRS's investigation lacks a legitimate purpose.

Petitioners' argument that the IRS lacks authority to determine whether they are trafficking in a controlled substance absent a criminal investigation has been rejected by the Tenth Circuit. *See Green Sol. Retail, Inc.*, 855 F.3d at 1121 ("But § 280E has no requirement that the Department of Justice conduct a criminal investigation or obtain a conviction before § 280E applies." (citing *Alpenglow Botanicals, LLC v. United States*,

4

No. 16-cv-00258-RM-CBS, 2016 WL 7856477, at *4 (D. Colo. Dec. 1, 2016));

*Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1197 (10th Cir. 2018) ("[I]t is within the IRS's statutory authority to determine, as a matter of civil tax law, whether taxpayers have trafficked in controlled substances."); *High Desert Relief, Inc. v. United States*, 917 F.3d 1170, 1185 (10th Cir. 2019). While the IRS may lack authority to criminally prosecute petitioners for trafficking in controlled substances, the IRS has authority to make determinations about whether deductions are allowable under the Internal Revenue Code, including § 280E. Revenue Agent Hewell's affidavit establishes that the summonses are related to an investigation of petitioners' tax liabilities, something within the IRS's authority. Docket No. 7-1 at 2, ¶ 4. Therefore, the Court finds that the government has met its burden to show that its investigation of petitioners is being conducted for a legitimate purpose.

### B. Relevant to the Legitimate Purpose

The government argues that the information it seeks is relevant because it will "shed light on [petitioners'] correct income for the 2013 and 2014 tax years by substantiating the cash flows coming in and going out of their business." Docket No. 7 at 11. The government claims that the information will "assist the IRS in determining the extent of [petitioners'] business activities, whether or not [petitioners] have reported all of the income they earned in 2013 and 2014, and whether they accurately claimed and categorized deductions over those same years." Docket No. 7 at 10. Other than arguing the lack of a legitimate purpose, petitioners do not contest the relevance of the

5

information sought.  Docket No. 1 at 13.[3]

Revenue Agent Hewell's uncontradicted declaration explains how the records the IRS seeks are relevant to determining petitioners' tax obligations.  Docket No. 7-1 at 4-5, ¶¶ 18-20.  Therefore, the Court finds that the government has shown the information it seeks is relevant to its legitimate purpose of examining petitioners' federal tax liability.

### C.   The IRS Does Not Already Have the Information Sought

Petitioners argue that the information sought is unnecessary because petitioners have already produced various financial statements.  Docket No. 8 at 10-11.  Petitioners, however, cite no authority for the proposition that the IRS must establish that the information sought is necessary as opposed to merely potentially relevant.  *Id*.; *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984) ("The language 'may be' [in 26 U.S.C. § 7602] reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility." (emphasis in original)); *cf. Powell*, 379 U.S. at 53 (holding that the IRS need not make a "showing of cause" to carry out an investigation).  Petitioners further argue that the information sought is already in the IRS's possession.  Docket No. 8 at 11.  However, Revenue Agent Hewell's uncontradicted declaration indicates that the banking records provided by petitioners are incomplete and not verifiable, meaning that the IRS does not already possess the records sought.  Docket No. 7-1 at 4-5, ¶¶ 14-20

---

[3] Petitioners' petition references "Marijuana Enforcement Division records."  *See* Docket No. 1 at 13.  Summonses requesting these records are the subject of a separate lawsuit before this Court.  *See The Green Solution Retail, Inc., v. United States*, No. 16-mc-137-PAB.

and at 6, ¶ 28.

### D. Required Administrative Steps

In their petition, petitioners claim that the government had not shown that the IRS followed the required administrative procedures because the IRS has not "determined the further examination to be necessary and has notified the taxpayer in writing to that effect." Docket No. 1 at 13. In its motion, however, the government provides the relevant written notifications addressed to petitioners. Docket No. 7-1 at 8-69. Revenue Agent Hewell states that the summonses were issued in compliance with the administrative steps required by the Internal Revenue Code. *Id*. at 7, ¶ 29. In their response, petitioners do not contest that this element has been satisfied. *See* Docket No. 16. The Court finds that this element is satisfied and, accordingly, that the government has met its burden under *Powell*.

### E. Lack of Good Faith or Abuse of Process

Petitioners argue that, notwithstanding the government's *prima facie* case, the summonses should not be enforced because the IRS has not acted in good faith in issuing the summonses. Docket No. 1 at 14. Petitioners claim that, "[s]ince the IRS is seeking to invoke a 'crime tax' and place the [petitioners] in criminal jeopardy under the Controlled Substances Act without any authority to enforce the CSA, the actions by Mr. Hewell are not in good faith and should be considered harassment." Docket No. 8 at 11; *see also* Docket No. 8 at 13. They argue that an evidentiary hearing is necessary to determine whether the IRS acted in good faith. Docket No. 1 at 14.

Petitioners' claim that the IRS is seeking to place them in criminal jeopardy is

conclusory and lacks any foundation in the record. *See Alpenglow Botanicals, LLC*, 2016 WL 7856477, at *4, *aff'd*, 894 F.3d 1187 (10th Cir. 2018) (rejecting the petitioners' "attempt to manufacture a criminal prosecution against themselves, [by] asserting that enforcement of § 280E amounts to such a prosecution"); *High Desert Relief, Inc.*, 917 F.3d at 1190 (rejecting the petitioners' argument that the IRS was "actually engaging in a backdoor enforcement of the CSA" where "[t]he evidence . . . fails to show that the IRS was focused on criminal prosecution in its investigation"). Moreover, as discussed above, the IRS can enforce Internal Revenue Code § 208E even absent a criminal conviction. *See Green Sol. Retail, Inc.*, 855 F.3d at 1121; *Alpenglow Botanicals*, 894 F.3d at 1197; *High Desert Relief, Inc.*, 917 F.3d at 1185. Thus, there is no basis to conclude that the IRS is harassing petitioners without a proper purpose by issuing the challenged summonses. *See Villarreal v. United States*, 524 F. App'x 419, 423 (10th Cir. 2013) (unpublished) (rejecting as conclusory a taxpayer's claim that the IRS's subpoena of bank records was a "harassment campaign"). If a taxpayer "cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing" because holding such a hearing "would be a waste of judicial time and resources." *Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1444. Because petitioners have not presented factual support for their claims that the IRS is not acting in good faith, the Court finds that petitioners have not met their burden and will enforce the summonses. Petitioners' petition to quash the summons will be dismissed.

## III. CONCLUSION

Accordingly, it is

**ORDERED** that petitioners' Petition to Quash Summonses [Docket No. 1] is **DISMISSED**. It is further

**ORDERED** that the United States' Motion to Dismiss and Enforce Summonses [Docket No. 7] is **GRANTED**. The summonses issued to Wells Fargo Bank, NA, Verus Bank of Commerce, and Partner Colorado Credit Union are **ENFORCED** pursuant to 26 U.S.C. § 7604. It is further

**ORDERED** that the Petitioners' Motion for the Court to Postpone its Ruling Until an Opinion has Been Issued in Appellate Case No. 16-1281 [Docket No. 15] is **DENIED** as moot. It is further

**ORDERED** that this case is closed.

DATED April 24, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge